**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 S.W. Columbia Street, Suite 900
Portland, Oregon 97258
Telephone: (503) 221-1772
Fax: (503) 221-1074
     Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST IRONWORKERS RETIREMENT TRUST, TRUSTEES OF THE NORTHWEST IRONWORKERS HEALTH AND SECURITY FUND, TRUSTEES OF THE IRONWORKERS DISTRICT COUNCIL OF THE PACIFIC NORTHWEST IRONWORKERS ANNUITY TRUST FUND, TRUSTEES OF THE NORTHWEST IRONWORKERS-EMPLOYERS VACATION TRUST, TRUSTEES OF THE PACIFIC N.W. IRONWORKERS & EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE NORTHWEST INDUSTRY TRUST FUND, TRUSTEES OF THE IRONWORKER MANAGEMENT PROGRESSIVE ACTION COOPERATIVE TRUST, IRON WORKERS DISTRICT COUNCIL OF THE PACIFIC NORTHWEST and IRON WORKERS LOCAL UNION NO. 29, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE FUSION WELDING LLC, <br><br> Defendant. | Civil No. _____ <br><br> **COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

Plaintiffs allege:

# I

## THE PARTIES

1.   Plaintiffs are the Trustees of the Northwest Ironworkers Retirement Trust (Retirement Fund), Trustees of the Northwest Ironworkers Health and Security Fund (Health Fund), Trustees of the Ironworkers District Council of the Pacific Northwest Field Ironworkers Annuity Trust Fund (Annuity Fund), Trustees of the Northwest Ironworkers-Employers Vacation Trust (Vacation Fund), Trustees of the Pacific N.W. Ironworkers & Employers Apprenticeship and Training Trust Fund (Training Fund), Trustees of the Northwest Industry Trust Fund (Industry Fund), Trustees of the Ironworker Management Progressive Action Cooperative Trust (Impact Fund) (collectively, "Trust Funds"), and Iron Workers District Council of the Pacific Northwest and Iron Workers Local No. 29 (collectively, "Union").

2.   The Health Fund, Vacation Fund, and Training Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Retirement Fund and Annuity Fund are "employee pension benefit plans" as that terms is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers contribute to the Health Fund, Vacation Fund, Training Fund, Retirement Fund and Annuity Fund, and these Trust Funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Vacation Fund, Training Fund, Retirement Fund and Annuity Fund have discretionary authority to control and manage the Trust Funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

///   ///

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772    F 503.221.1074
brownsteinrask.com

3. The Industry Fund is a Trust Fund governed by a Board of Trustees. The Board of Trustees receives monetary contributions from employers and uses the monetary contributions to promote the steel erection and rebar placement industries in the Pacific Northwest.

4. The Impact Fund is a Trust Fund governed by a Board of Trustees which was formed to expand job opportunities for union ironworkers and their signatory contractors. The Impact Fund develops, funds and implements programs on a regional and national scale to address the challenges faced in the union ironworking industry.

5. The Union is a "labor organization" as that term is defined in 29 U.S.C. § 152(5) of the Labor-Management Relations Act (LMRA).

6. Defendant is an Oregon limited liability company. At all times material to this proceeding (April 2017, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

7. The Court has jurisdiction over the Claims for Relief brought by the Trustees of the Health Fund, Retirement Fund, Vacation Fund, Annuity Fund and Training Fund for violation of 29 U.S.C. §§ 1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

8. At all times material to this proceeding (April 2017, to date), defendant was bound by a written collective bargaining agreement ("CBA") with the Union. The CBA covered employees in an industry affecting commerce, and the activities of defendant affected commerce.

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

The Court also has jurisdiction over the Claims for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

### III

### JOINDER

9. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims that each plaintiff has against defendant.

### IV

### FIRST CLAIM FOR RELIEF

10. At all times material to this proceeding (April 2017, to date), defendant has been bound by a written CBA with the Union. Under the terms of the CBA, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the CBA to the Trust Funds. Defendant further agreed to withhold union dues from the wages of its employees performing covered by the CBA. Defendant further agreed to file monthly remittance report forms and to remit fringe benefit contributions and union dues to plaintiffs by the 15th day of the month following the month in which the work was performed, except that fringe benefit contributions owed to the Impact Fund are not due until the 20th day of the month following the month in which the work was performed.

11. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions plus interest thereon at the rate of 18% per annum from the date each contribution became due, until paid. The Union is entitled to recover union

Page 4 – **COMPLAINT**

dues pursuant to the terms of the CBA, and interest on the delinquent union dues from the due date until paid, at the rate of 9% per annum pursuant to ORS 82.010.

12. The Trust Agreements, except for the Trust Agreement that created the Impact Fund, provides for the assessment of liquidated damages. For all Trust Funds except the Industry Fund, if an employer submits its remittance report form before the 25th day of the month in which it is due, liquidated damages are owed in an amount equal to the greater of 8% of the delinquent fringe benefit contributions or $250.00 per month; and if an employer submits its remittance report form after the 25th day of the month in which it is due, liquidated damages are owed in an amount equal to the greater of 16% of the delinquent fringe benefit contributions or $250.00 per month. For the Industry Fund, liquidated damages are assessed in an amount equal to the greater of 12% of the delinquent fringe benefit contributions or $25.00 per month.

13. Defendant has failed to pay certain fringe benefit contributions and union dues owed for work that its employees performed from April 2017 through December 2019, and the time therefore has expired. As a result, defendant owes $72,608.22 in fringe benefit contributions and union dues, together with interest and liquidated damages thereon at the rates set forth in paragraphs 11 and 12, above, from the dates that the fringe benefit contributions and union dues became due, through entry of judgment.

14. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to a reasonable attorneys' fee. The Trustees of the Trust Funds are entitled to recover their reasonable attorneys' fees from defendant.

///     ///

///     ///

Page 5 – **COMPLAINT**

1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

15. The Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund are also entitled to recover their reasonable attorneys' fees pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

## V

## SECOND CLAIM FOR RELIEF

16. The Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund hereby reallege and incorporate by reference paragraphs 1 through 15 of their complaint as though fully set forth herein.

17. A payroll audit of defendant's books and records was conducted for the period from April 2017 through December 2018 to determine whether defendant paid all contractually-required fringe benefit contributions to plaintiffs. Based on the results of the payroll examination, defendant owes the following amounts to the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund: $169,104.05 in fringe benefit contributions, $31,732.53 in liquidated damages, and $17,895.88 in interest calculated through April 15, 2019, with interest continuing to accrue on the unpaid fringe benefit contributions ($169,104.05) at the rate of 18% per annum from April 16, 2019, until paid.

18. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to a reasonable attorneys' fee. The Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund are entitled to recover a reasonable attorneys' fee from defendant.

////   ///

///   ///

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

19. The Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund are also entitled to recover from defendant a reasonable attorneys' fee pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

20. The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted, and fringe benefit contributions are found due and owing, the Trust Funds are entitled to a reasonable payroll examination fee. The cost of conducting the payroll examination of defendant's books and records to date is $8,075.00. Defendant should be required to pay $8,075.00 to the Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund for the cost of conducting the payroll examination, together with any additional accountants' fees that are incurred throughout the course of this lawsuit.

21. The Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund are also entitled to recover a reasonable payroll examination fee from defendant pursuant to the provisions of 29 U.S.C. § 1132 (g)(2)(E) of ERISA.

VI

**THIRD CLAIM FOR RELIEF**

22. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 21 of their complaint as though fully set forth herein.

23. Defendant has failed to file its February 2020 and April 2020 remittance report forms, and the time for filing has passed. Defendant should be required to file said remittance report forms, together will all remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions

Page 7 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trustees of the Trust Funds.

24. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant based on the provisions of the Trust Agreements that created them.

25. The Trustees of the Health Fund, Retirement Fund, Vacation Fund, Annuity Fund and Training Fund are also entitled to recover from defendant a reasonable attorneys' fee pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1. On the **First Claim for Relief**, requiring defendant to pay the following amounts to plaintiffs: $72,608.22 in fringe benefit contributions and union dues, together with interest and liquidated damages thereon at the rates set forth in paragraphs 11 and 12, above, from the dates that the fringe benefit contributions and union dues became due, through entry of judgment;

2. On the **Second Claim for Relief**, requiring defendant to pay the following amounts to the Trustees of the Retirement Fund, Annuity Fund, Health Fund, Vacation Fund and Training Fund: $169,104.05 in fringe benefit contributions, $31,732.53 in liquidated damages, $17,895.88 in interest calculated through April 15, 2019, with interest continuing to accrue on the unpaid fringe benefit contributions ($169,104.05) at the rate of 18% per annum from April 16, 2019, until paid, and $8,075.00 in payroll examination fees, plus all such additional accountants' fees that are incurred throughout the course of this lawsuit.

3. On the **Third Claim for Relief**, requiring defendant to file its February 2020 and April 2020 remittance report forms, together will all remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent

Page 8 – **COMPLAINT**

fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trustees of the Trust Funds;

    4.    Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records (for any time period of than April 2017 through December 2018) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

    5.    Requiring defendant to pay the reasonable attorney's fees incurred herein by the Trustees of the Trust Funds;

    6.    Requiring defendant to pay plaintiffs' costs and disbursements incurred herein; and

    7.    For such further equitable relief as this Court deems just and proper.

DATED this 14th day of July 2020.

                            **BROWNSTEIN RASK, LLP**

                            /s/ Cary R. Cadonau
                            Cary R. Cadonau, OSB #002245
                            Attorney for Plaintiffs

Page 9 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772    F 503.221.1074
brownsteinrask.com